IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER HOBBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL CASE NO. 2:22-cv-543-ECM ) [WO] |
| PHI-MED, LLC, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the parties' joint motion for approval of settlement and dismissal with prejudice, (doc. 40), filed on May 1, 2024. For the reasons that follow, the motion is due to be GRANTED.

Plaintiff Jennifer Hobbs brings this action against Defendants Phi-Med, LLC and Ivy Creek of Elmore, LLC, asserting—among other claims—violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Plaintiff alleges that she worked for the Defendants from August 2017 until February 2022, and that she was not paid an overtime premium for hours worked in excess of forty hours each week due to incorrect classification as an exempt employee. In connection with her FLSA claim, the Plaintiff seeks compensatory damages, liquidated damages, interest, attorney's fees, and costs. The Defendants filed an Answer in which they denied the Plaintiff's allegations and maintained throughout the litigation that the Plaintiff was properly classified during her employment.

The parties now move the Court to approve their settlement of the Plaintiff's FLSA claim, which they reached during arms-length negotiations, in light of the Court's duty to

scrutinize the proposed settlement for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  A settlement is fair when it is a "reasonable compromise" or a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354–55.  Upon review of the proposed settlement, the Court finds that the parties have reached an agreement based on a negotiated, reasonable compromise of a bona fide dispute over FLSA provisions.  In particular, the monetary sum the Plaintiff receives in this settlement is reasonable given the Defendants' position that the Plaintiff was properly classified while employed by the Defendants.

The parties also move to dismiss the remainder of this action with prejudice pursuant to Federal Rule of Civil Procedure 41.  Accordingly, the Court construes the motion, (doc. 40), as a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) and finds the terms to be proper.  Therefore, for the reasons stated, and for good cause, it is

ORDERED as follows:

1.  The parties' joint motion for approval of settlement and dismissal with prejudice, (doc. 40), is GRANTED.

2.  This action is DISMISSED with prejudice, and costs are taxed as paid.

3.  All pending motions are DENIED as moot, and all pending deadlines are terminated.

A separate Final Judgment will enter.  The Clerk of the Court is DIRECTED to close this case.

DONE this 2nd day of May, 2024.

                /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE